**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FRATERNAL ORDER OF POLICE, LODGE 1, JOHN WILLIAMSON, ANTHONY GALIAZZI, and CHARLES J. HOLLAND,<br><br>  Plaintiffs,<br><br>  v.<br><br>CITY OF CAMDEN, SCOTT THOMSON, ORLANDO CUEVAS, and LIEUTENANT JOSEPH WYSOCKI,<br><br>  Defendants. | CIVIL NO. 10-1502 (NLH)(AMD)<br><br>**MEMORANDUM OPINION & ORDER** |

**Appearances:**

GREGG L. ZEFF
DRAKE P. BEARDEN, JR.
ZEFF LAW FIRM, LLC
100 CENTURY PARKWAY
SUITE 305
MT. LAUREL, NJ 08054
    On behalf of plaintiffs

JOHN C. EASTLACK, JR.
WEIR & PARTNERS LLP
THE LIBERTY VIEW BUILDING
457 HADDONFIELD ROAD, SUITE 310
CHERRY HILL, NJ 08002
    On behalf of defendants

**HILLMAN, District Judge**

WHEREAS, on March 23, 2010, plaintiffs, Fraternal Order of Police, Lodge 1, and John Williamson, Anthony Galiazzi, and Charles J. Holland, Camden Police Officers, having filed a complaint against defendants, the City of Camden, Scott Thomson, City of Camden Police Chief, Orlando Cuevas, City of Camden Police

Inspector, and Joseph Wysocki, City of Camden Police Lieutenant;[1] and

Plaintiffs claiming that defendants imposed, and continue to impose, an unlawful quota policy on Camden City police officers, and that the implementation of that policy, as well as the ramifications of plaintiffs' expression of their disagreement with the policy, constitute violations of N.J.S.A. 40A:14-181.2 (Quotas for arrests or citations prohibited; use of numbers in law enforcement officer evaluations), N.J.S.A. 34:19-1, et seq. (Conscientious Employee Protection Act), and their First Amendment and Due Process rights under the federal and New Jersey constitutions;[2] and

Plaintiffs seeking injunctive, declaratory, and monetary relief, including punitive damages; and

On March 15, 2013, defendants having filed a motion for

---

[1] Plaintiffs have brought their claims pursuant to 42 U.S.C. § 1983, as well as pursuant to the New Jersey constitution and New Jersey state law. This Court has jurisdiction over plaintiffs' federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over plaintiffs' state law claims under 28 U.S.C. § 1367.

The complaint also named the State of New Jersey and the former New Jersey Attorney General as defendants because from 2002 until January 2010, the State of New Jersey maintained authority over the City of Camden. These defendants were dismissed by stipulation of the parties on August 25, 2011.

[2] Plaintiff Holland has also asserted a claim for a violation of his rights under the federal and New Jersey Family Medical Leave Acts.

2

summary judgment[3] in their favor on all of plaintiffs' claims against them; and

On May 28, 2013, plaintiffs having filed their opposition to defendants' motion; and

The Court having reviewed the complaint, as well as the motion briefs filed by the parties; and

The Court finding that the papers have raised two issues that require further briefing by the parties before the Court may consider the merits of defendants' summary judgment motion; and

The first issue raised by plaintiffs' claims regarding the Camden City Police Department's ongoing quota policy is the effect on those claims by the May 1, 2013 disbanding of the Camden City Police Department and the creation of the Camden County Metro Police Department, particularly with regard to those claims seeking injunctive and declaratory relief;[4] and

---

[3]Defendants' former counsel filed the motion for summary judgment on defendants' behalf. Current counsel, who appeared in the case on May 15, 2013, did not file a reply in further support of that motion.

[4]Plaintiffs' claims are asserted against the City of Camden, which is one-in-the-same as the former Camden City Police Department. Boneberger v. Plymouth Township, 132 F.3d 20, 25 n.4 (3d Cir. 1997) (a municipality and its police department are a single entity for the purposes of § 1983 liability). Plaintiffs' claims against the individual defendants are in their individual and official capacities, and the official capacity claims are actually claims against the City of Camden. See Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 n.55 (1978) (official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent"). Because, however, the Camden City Police Department is

3

The second issue raised by plaintiffs' claims is whether the New Jersey statute prohibiting the use of quotas for arrests and citations, N.J.S.A. 40A:14-181.2, provides plaintiffs with a private cause of action to be able to personally vindicate alleged violations of that statute;[5] and

---

defunct, and the County of Camden now manages the policing of Camden, it is unclear whether the quota policies complained about by plaintiffs are still in effect. If the quota policies are still in effect, it is also unclear whether a decision on the legality of these quota programs in the current case between plaintiffs and the City of Camden can bind the Camden County Police Department, which is not a defendant in this action. Although the "FAQs" on Camden County's website indicate that "Camden County would NOT be responsible for or cover in any way any and all legal challenges and costs associated with prior events attributable to the municipality that wishes to join a County police department," see The Camden County Police Department: FAQs, available at http://camdencountypd.org/wp-content/themes/ccpd/pdf/Police-FAQ.pdf, at page 3, the Court requires briefing by the parties to clarify the impact and reach of plaintiffs' claims because they appear to transcend the May 1, 2013 transition.

[5] N.J.S.A. 40A:14-181.2, in its entirety, provides:

a. A State, county or municipal police department or force engaged in the enforcement of Title 39 of the Revised Statutes or any local ordinance adopted pursuant to this title shall not establish any quota for arrests or citations. The department or force may, however, collect, analyze and apply information concerning the number of arrests and citations in order to ensure that a particular officer or group of officers does not violate any applicable legal obligation.

b. The department or force shall not use the number of arrests or citations issued by a law enforcement officer as the sole criterion for promotion, demotion, dismissal, or the earning of any benefit provided by the department or force. Any such arrests or citations, and their ultimate dispositions, may be considered in evaluating the overall performance of a law enforcement officer.

The Court asking the parties to provide their perspective on both of these issues;

Accordingly,

IT IS on this ___26th___ day of _September_, 2013,

ORDERED that, within 30 days of the date of this Order, plaintiffs and defendants shall file letter briefs addressing the two issues raised by the Court and the impact of those issues on plaintiffs' claims; and it is further

ORDERED that the pending motion for summary judgment [116] shall be DENIED WITHOUT PREJUDICE pending the Court's consideration of these two issues; and it is further

ORDERED that following the submission of the parties' supplemental briefing, defendants may, via letter to the Court, reactivate their current motion for summary judgment, or file a new or supplemented motion for summary judgment, which plaintiffs may respond to in accordance with the Local Rules.

                                            _s/ Noel L. Hillman_
                                            NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey