UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

   ─────────────────────────────

   FRATERNAL ORDER OF POLICE,            1:10-cv-01502-NLH-AMD
   LODGE 1, et al.,
                                         **OPINION**
              Plaintiff,

         v.


   CITY OF CAMDEN, et al.,

              Defendants.

   ─────────────────────────────

**APPEARANCES:**

GREGG L. ZEFF
LAW FIRM OF GREGG L. ZEFF
100 CENTURY PARKWAY
SUITE 305
MT. LAUREL, NJ 08054
     On behalf of Plaintiffs

JOHN C. EASTLACK, JR.
GEORGIOS FARMAKIS
LILIA LONDAR
WESLEY L. FENZA
WEIR & PARTNERS LLP
215 FRIES MILL ROAD
2ND FLOOR
TURNERSVILLE, NJ 08012
     On behalf of Defendants

**HILLMAN, District Judge**

    Pending before the Court is the motion of Plaintiffs to

remand their case to New Jersey state court.  Previously, on

November 16, 2016, the United States Court of Appeals for the

Third Circuit affirmed this Court's grant of summary judgment in

Defendants' favor on all of Plaintiffs' claims, except for their claims for violations of New Jersey's Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1, et seq.[1]  The Third Circuit summarized Plaintiffs' case and its decision:

> This case arises from a vigorous dispute between the Fraternal Order of Police, Lodge 1 as well as certain police officers ("Plaintiffs") on one side, and the City of Camden, New Jersey and certain supervisory police personnel ("Defendants") on the other.  Plaintiffs claim that the City's "directed patrols" policy constitutes an illegal quota system. Specifically, they allege that the policy violates New Jersey's anti-quota law.  They also accuse Defendants of illegal retaliation in violation of New Jersey's Conscientious Employee Protection Act ("CEPA"), the First Amendment, and the Family and Medical Leave Act ("FMLA").  The district court granted summary judgment to Defendants on all of Plaintiffs' claims.
>
> . . . .
>
> [W]e will reverse the district court's order granting summary judgment to Defendants on Plaintiffs' CEPA claims. We will remand for proceedings consistent with this opinion.  We will affirm the district court's dismissal of Plaintiffs' New Jersey anti-quota law, First Amendment claims, and Officer Holland's FMLA claim.

Fraternal Order of Police, Lodge 1 v. City of Camden, 842 F.3d

---

[1] The Third Circuit's Mandate issued April 13, 2017, and the Order on Mandate was entered on May 8, 2017.  (Docket No. 164, 165.)  The Court could not resolve Plaintiff's motion until the Mandate was docketed and the Order on Mandate was entered.  See Local Civil Rule 79.4 ("Upon the filing of a mandate or certified copy of the judgment in lieu thereof from an appellate court, the Clerk shall file and enter it and notify counsel for the parties. In the event that the mandate or judgment provides for costs or directs a disposition other than an affirmance, the prevailing party shall submit an order implementing the mandate or judgment.").

231, 236, 247 (3d Cir. 2016).

Following the Third Circuit's decision, Plaintiffs filed a motion to remand their case to state court. They argue that because no federal claims remain, and the basis for this Court's jurisdiction under 28 U.S.C. § 1331 has been extinguished, the Court should decline to continue exercising supplemental jurisdiction over the remaining claims, which are for violations of state law that the state court is best suited to resolve.[2] Defendants have opposed Plaintiffs' motion, arguing that judicial economy concerns warrant this Court's continuing jurisdiction over the matter.

Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." A district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if— (1) the claim raises a novel or complex issue of State law, (2)

---

[2] Diversity of citizenship does not exist between the parties precluding 28 U.S.C. § 1332 as a basis for subject matter jurisdiction.

the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. Id. § 1367(c).

The law on supplemental jurisdiction has been long established.

> Pendent jurisdiction, in the sense of judicial power . . . [is a] power [that does not] need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.

United Mine Workers of America v. Gibbs, 383 U.S. 715, 726-27 (1966).

Ultimately, a "district court's decision whether to exercise [supplemental] jurisdiction after dismissing every

4

claim over which it had original jurisdiction is purely discretionary." Carlsbad Technology, Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009) (citing Chicago v. International College of Surgeons, 522 U.S. 156, 173 (1997)) ("Depending on a host of factors, then - including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims - district courts may decline to exercise jurisdiction over supplemental state law claims.")).

In this case, three factors compel the Court to decline to continue exercising supplemental jurisdiction:

1. The only remaining claims in Plaintiffs' complaint are for violations of New Jersey's whistle-blower statute, which the New Jersey Legislature enacted to "protect and encourage employees to report illegal or unethical workplace activities and to discourage public and private sector employers from engaging in such conduct." Abbamont v. Piscataway Township Bd. of Educ., 650 A.2d 958, 971 (N.J. 1994). Even though this Court is "bound to apply state law" to Plaintiffs' NJ CEPA claims, the Supreme Court in Gibbs directed 50 years ago that "needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Gibbs, 383

U.S. at 726–27. The determination of the scope of NJ CEPA and what conduct constitutes a violation of NJ CEPA is better suited to be adjudicated by the New Jersey courts. See, e.g., Collins v. County of Gloucester, 2009 WL 2168704, at *2 (D.N.J. 2009) (after the federal claims were dismissed, declining to continue exercising supplemental jurisdiction over remaining state law loss of consortium claims, and observing "a state court, who by virtue of that judge's expertise and principles of comity is in a better position to decide the questions of state law raised by" the plaintiff's claims); Kalick v. Northwest Airlines Corp., 2009 WL 2448522, at *8 (D.N.J. 2009) (following the reasoning of Collins v. County of Gloucester, and declining to continue exercising supplemental jurisdiction over the plaintiff's state law breach of contract and fraud claims); Carluccio v. Parsons Inspection & Maintenance Corp., 2007 WL 1231758, at *6 (D.N.J. 2007) (declining to exercise supplemental jurisdiction over Plaintiff's NJ CEPA claim and not considering its merits); see also Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc., 140 F.3d 478, 487 (3d Cir. 1998) ("[T]he question of whether the proposed funding scheme for the Westside Connector violates the New Jersey Constitution is a complex issue of state law which is better left to the New Jersey courts to determine.") (citing Doe v. Sundquist, 106 F.3d 702, 708 (6th Cir. 1997) (declining to

exercise supplemental jurisdiction, in part, "out of respect for the right of a state court system to construe that state's own constitution")).

2. Even though this case is in a later stage, the action is currently "before trial." See Gibbs, 383 U.S. at 726 ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

3. Plaintiffs want their NJ CEPA claims heard in state court. Despite prevailing on their Third Circuit appeal of the dismissal of their NJ CEPA claims, and retaining the ability to have those claims tried in the federal forum, Plaintiffs prefer to have a New Jersey state court hear their case. That consideration, along with 28 U.S.C. § 1367(a) and Supreme Court and Third Circuit precedent, all support that the Court should decline to continue exercising supplemental jurisdiction over this matter.[3]

---

[3] Plaintiffs ask that this Court remand their case to state court. The Court cannot remand their case, however, because Plaintiffs originally filed their complaint in federal court. Remand is only available if a plaintiff files his case in state court, and a defendant removes the action to this court. See 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.");

An appropriate Order will be entered.


Date:  May 9, 2017                          s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.

---

Id. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

According to 28 U.S.C. § 1367(d), "The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."